**Rogelio Orlando Salic LOPEZ; Zandi Aidee Honorato Ochoa, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75328.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2008.*

Filed May 20, 2008.

** The Honorable M. James Lorenz, District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Raquel E. Hecht, Eugene, OR, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel Department of Homeland Security, Kelly Alexandre Zusman, United States Attorney Office, Portland, OR, David E. Dauenheimer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TALLMAN and CLIFTON, Circuit Judges, and CARROLL, District Judge.**

MEMORANDUM ***

Rogelio Orlando Salic Lopez is a native and citizen of Guatemala. He applied for asylum, withholding of removal, and relief under the Convention Against Torture.[1] The Immigration Judge (IJ) denied his asylum and withholding of removal claims finding that he did not provide credible testimony. The Board of Immigration Appeals (BIA) adopted and affirmed the IJ's adverse credibility determination, *see Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc), and denied Salic Lopez's claim that his due process right to a fair appeal was violated because of gaps in the hearing transcript. Salic Lopez petitions for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.[2]

We review for substantial evidence adverse credibility determinations. *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). At the end of his hearing, only after being reminded of testimony he gave the asylum officer, Salic Lopez confirmed that he had been kidnapped by the army and forced to perform manual labor barefoot for three days. The IJ could properly view this as a deliberate attempt by Salic Lopez to enhance his persecution claim and appropriately considered it as a basis for disbelieving his testimony. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). Substantial evidence also supports the IJ's finding that Salic Lopez

---

** Honorable Earl H. Carroll, Senior United States District Judge, District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Salic Lopez's wife Zandi Aidee Honorato Ochoa also applied for asylum and withholding of removal. Her claim is dependent on her husband's application.

2. Salic Lopez has not challenged the IJ's denial of his claim for relief under the Convention Against Torture.

testified inconsistently about "when he left Guatemala and the time frame in terms of the dates he went back and why he did so." *See Don v. Gonzales,* 476 F.3d 738, 741–42 (9th Cir.2007). We affirm the BIA's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004).

We review de novo claims of due process violations in removal proceedings. *Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000). In order to succeed, the alien claiming that his rights were violated must prove that he was prejudiced. *See id.* at 780. An alien is prejudiced where the violation affects the outcome of the proceedings. *See id.* There is ample testimony in the record to support the IJ's credibility determination despite several "indiscernible" passages in the transcript. Salic Lopez has not pointed to any other evidence missing from the transcript that would undermine the adverse credibility determination. He cannot prove that the outcome of his appeal would have been different and that he has suffered prejudice from any transcription error. *See Kotasz v. INS,* 31 F.3d 847, 850 n. 2 (9th Cir.1994); *Acewicz v. INS,* 984 F.2d 1056, 1063 (9th Cir.1993).

Because the adverse credibility determination is supported by substantial evidence, we need not and do not consider Salic Lopez's remaining arguments.

PETITION FOR REVIEW DENIED.